# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

Alfredo Vasquez and Jose Tiburcio,
individually and on behalf of other employees
similarly situated, Plaintiffs

v.

Cantarero Pallets, Inc., and Anwar Cantarero
individually, Defendants.

## COMPLAINT

NOW COME the Plaintiffs, Alfredo Vasquez and Jose Tiburcio, individually, and on behalf of other employees similarly situated, (hereinafter, collectively "Plaintiffs") through counsel, pursuant to 29 U.S.C. § 201 *et seq.*, commonly known as the Fair Labor Standards Act (hereinafter, "FLSA"), and 820 ILCS § 105/1 *et seq.*, commonly known as the Illinois Minimum Wage Law (hereinafter "IMWL"), and complain against Cantarero Pallets, Inc. (hereafter "CP"); and Anwar Cantarero, individually, (collectively, "Defendants") and in support of this Complaint, state:

## INTRODUCTION

1. This action seeks redress for Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), and the Illinois Minimum Wage Law, 820 ILCS § 105/1 *et seq.* ("IMWL"), for Defendants' failure to pay Plaintiffs and other similarly situated employees overtime wages for hours worked in excess of forty (40) hours in a week.

2. Upon information and belief, Defendants have failed to keep proper time records tracking Plaintiffs' time worked and have failed to post a notice of rights.

3. Defendants' unlawful compensation practices have, and have had, the effect of denying Plaintiffs and other similarly situated Plaintiffs their earned and living wages.

4. Plaintiffs' FLSA collective action consent forms are attached hereto as Exhibit A.

## JURISDICTION AND VENUE

5. This Honorable Court has subject matter jurisdiction over the federal wage claims through 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. § 1331 (federal question), and 28 U.S.C. §1337 (actions arising under acts of Congress relating to commerce). This Honorable Court has supplemental jurisdiction over the Illinois wage claims through 28 U.S.C. § 1367 because they are so related to Plaintiffs' claims within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

6. Venue is properly placed in the Northern District of Illinois, Eastern Division, through 28 U.S.C. § 1391(b), because the facts and events giving rise to Plaintiffs' claims occurred in this judicial district.

## THE PARTIES

### Plaintiffs

7. Plaintiffs reside in and are domiciled in, and were employed by Defendants in Cook County, Illinois which is in this judicial district.

8. During the course of their employment, Plaintiffs handled goods that moved or that were intended to move in interstate commerce and were "employees" as defined by the FLSA, 29 U.S.C. §201 *et seq.*, and the IMWL, 820 ILCS 105/1 *et seq.*

9. During the course of their employment, Plaintiffs manufactured, repaired, and rebuilt transportation pallets, engaging themselves individually in the channels of interstate commerce.

**Defendants**

10. Defendant CP is an entity doing business within this judicial district and is an "enterprise" as defined by the FLSA, 29 U.S.C. § 203(r)(1), engaged in commerce within the meaning of 29 U.S.C. § 203(s)(1)(A).

11. Based on information and belief, Defendant CP has annual gross sales of $500,000.00 or more.

12. Plaintiffs, and other similarly-situated employees of Defendants, handled goods which moved in interstate commerce.

13. Defendant CP was Plaintiffs' "employer" as that term is defined by the FLSA, 29 U.S.C. § 203(d), and the IMWL, 820 ILCS § 105/3.

14. Defendant Anwar Cantarero is the owner of CP and is involved in the day-to-day business operations and has the authority to hire and fire employees, the authority to direct and supervise the work of employees, the authority to sign on the business's checking accounts, including payroll accounts, and has the authority to participate in decisions regarding employee compensation and capital expenditures.

15. Defendant Anwar Cantarero was Plaintiffs' "employer" as that term is defined by the FLSA, 29 U.S.C. § 203(d), the IMWL, and 820 ILCS § 105/3.

16. Defendant Anwar Cantarero resides and is domiciled in this judicial district.

## FACTS

17. Plaintiff Vasquez worked for CP in Chicago, Illinois from 2012 until April 14, 2016.

18. Plaintiff Tiburcio worked for CP in Chicago, Illinois from 2014 until April 14, 2016.

19. Plaintiffs were employed by Defendants as pallet builders and repairers.

20. Throughout the course of Plaintiffs' employment with Defendants, and in the three (3) years prior to Plaintiffs filing this Complaint, Defendants scheduled Plaintiffs to work in excess of forty (40) hours per week in one or more individual work weeks.

21. Throughout the course of Plaintiffs' employment with Defendants, and in the three (3) years prior to Plaintiffs filing this Complaint, Plaintiffs did work in excess of forty (40) hours per week in one or more individual work weeks.

22. In the three (3) years prior to Plaintiffs filing his Complaint, other class members employed by Defendants also worked in excess of forty (40) hours per week in one or more individual work weeks.

23. Defendants paid Plaintiffs' wages on a piece-rate basis.

24. Although Defendants scheduled Plaintiffs to work in excess of forty (40) hours per week, Defendants did not pay Plaintiffs overtime wages at a rate of one and one-half times their regular hourly rate of pay for all hours worked in excess of forty (40) hours. Instead, Defendants paid Plaintiffs only their piece rate, with no additional compensation for hours worked in excess of forty (40) hours per week.

25. Defendants paid Plaintiffs' wages partly in cash and partly by check

26. Neither Plaintiffs nor the class members are exempt from the overtime provisions of the FLSA, or the IMWL.

27. Defendants failed to pay Plaintiffs or the class members a rate not less than one and a half (1.5) times their regular rate at which they were employed when they worked over forty (40) hours in a given workweek.

## COUNT I: VIOLATION OF THE FLSA
### Overtime Wages

28. Plaintiffs re-incorporate by this reference the allegations contained in all preceding paragraphs of this Complaint as if fully set forth herein.

29. Plaintiffs and the members of the class were directed by Defendants to work, and did so work, in excess of forty (40) hours per week.

30. Defendants did not compensate Plaintiffs or members of the class at a rate of at least one and one-half (1.5) times their regular hourly rate of pay for all hours worked in excess of forty (40) hours in their individual workweeks.

31. Defendants' failure and refusal to pay overtime wages for hours worked in excess of forty (40) hours per week violated the FLSA.

32. Defendants' failure and refusal to pay overtime wages for hours worked in excess of forty (40) hours per week was a willful violation of the FLSA.

33. Plaintiffs and other similarly situated employees are entitled to recover unpaid overtime wages for up to three (3) years prior to the filing of this lawsuit.

WHEREFORE, Plaintiffs respectfully request that the Court:

A. Determine that this action may be maintained as a collective action pursuant to the FLSA.

B. Enter a judgment in the amount of unpaid overtime wages for all time worked by Plaintiffs and other similarly situated employees in excess of forty (40) hours in individual work weeks;

C. Award liquidated damages in an amount equal to the amount of unpaid overtime wages;

D. Declare Defendants to be in violation of the FLSA;

E. Enjoin Defendants from violating the FLSA;

F. Award reasonable attorneys' fees and costs; and

G. Grant such additional or alternative relief as this Court deems just and proper.

## COUNT II: VIOLATION OF THE ILLINOIS MINIMUM WAGE LAW
### Overtime Wages

34. Plaintiffs re-incorporate by this reference the allegations contained in all preceding paragraphs of this Complaint as if fully set forth herein.

35. This Count arises from Defendants' failure to pay Plaintiffs overtime wages for all time worked in excess of forty (40) hours in individual work weeks in violation of the IMWL.

36. Defendants directed Plaintiffs to work, and Plaintiffs did work, in excess of forty (40) hours in individual work weeks.

37. Plaintiffs were entitled to be paid overtime wages for all time worked in excess of forty (40) hours in individual work weeks.

38. Defendants did not pay Plaintiffs overtime wages for all time worked in excess of forty (40) hours in individual work weeks.

39. Defendant's violated the IMWL by failing to pay Plaintiffs overtime wages for all hours worked in individual work weeks.

40. Pursuant to 820 ILCS 105/12(a), Plaintiffs are entitled to recover unpaid wages for three (3) years prior to the filing of this suit.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court:

A. Enter a judgment in the amount of overtime wages due to Plaintiffs as provided by the IMWL;

B. Award Statutory damages for Plaintiffs pursuant to the formula set forth in 820 ILCS § 105/12(a) and 815 ILCS § 205/2;

C. Declare that Defendants have violated the IMWL;

D. Enjoin Defendants from violating the IMWL;

E. Award reasonable attorneys' fees and costs of this action as provided by the IMWL; and

F. Grant such other and further relief as this Honorable Court deems just and proper.

Respectfully submitted,

**/s/ Raisa Alicea**
Raisa Alicea
Consumer Law Group, LLC
6232 N. Pulaski, Suite 200
Chicago, IL 60646
Office: 312-800-1017
ralicea@yourclg.com

One of Plaintiffs' attorneys